# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**
**CRIMINAL DIVISION**
VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

MICHAEL EDISON and DEBRA EDISON

CR07-0074 WHA



DEFENDANT.

---

## INDICTMENT

VIOLATIONS: 18 U.S.C. § 1341 - Mail Fraud; 18
U.S.C. § 1343 - Wire Fraud; 18 U.S.C. § 371 -
Conspiracy; 18 U.S.C. § 1509 - Obstruction of Justice;
and 18 U.S.C. § 2 - Aiding and Abetting



---

A true bill.

_____ Foreman

---

Filed in open court this _____ day of

_____
Clerk  Brenda Tolbert
Maria Elena James
United States Magistrate Judge

Bail, $_____

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

**OFFENSE CHARGED**

See Attachment

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment

E-filing

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**

▶ Debra Edison

DISTRICT COURT NUMBER
CR 07-0074 WHA

FILED FEB 26 PM 1:04

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Jeffrey Finigan

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
NDCA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:



## Attachment to Penalty Sheets for Michael Edison and Debra Edison

**Counts 1 and 2** (Michael Edison) – 18 U.S.C. § 1341 (mail fraud)

    Maximum Penalties: 20 years in prison; $250,000 fine; 3 years supervised release; and $100 mandatory special assessment

**Counts 3 through 5** (Michael Edison) – 18 U.S.C. § 1343 (wire fraud)

    Maximum Penalties: 20 years in prison; $250,000 fine; 3 years supervised release; and $100 mandatory special assessment

**Count 6** (both defendants) – 18 U.S.C. § 371 (conspiracy)

    Maximum Penalties: 5 years in prison; $250,000 fine; 3 years supervised release; and $100 mandatory special assessment

**Count 7** (both defendants) – 18 U.S.C. § 1519 (obstruction of justice)

    Maximum Penalties: 20 years in prison; $250,000 fine; 3 years supervised release; and $100 mandatory special assessment

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location: **NORTHERN DISTRICT OF CALIFORNIA**

**OFFENSE CHARGED**

See Attachment

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment

E-filing

**DEFENDANT - U.S.**

▶ Michael Edison

DISTRICT COURT NUMBER: CR 07-0074 WHA

FILED FEB 26 PM 1:04

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any): FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: **JOSEPH P. RUSSONIELLO**
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Jeffrey Finigan

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction    ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

**Attachment to Penalty Sheets for Michael Edison and Debra Edison**

**Counts 1 and 2** (Michael Edison) – 18 U.S.C. § 1341 (mail fraud)

    Maximum Penalties: 20 years in prison; $250,000 fine; 3 years supervised release; and $100 mandatory special assessment

**Counts 3 through 5** (Michael Edison) – 18 U.S.C. § 1343 (wire fraud)

    Maximum Penalties: 20 years in prison; $250,000 fine; 3 years supervised release; and $100 mandatory special assessment

**Count 6** (both defendants) – 18 U.S.C. § 371 (conspiracy)

    Maximum Penalties: 5 years in prison; $250,000 fine; 3 years supervised release; and $100 mandatory special assessment

**Count 7** (both defendants) – 18 U.S.C. § 1519 (obstruction of justice)

    Maximum Penalties: 20 years in prison; $250,000 fine; 3 years supervised release; and $100 mandatory special assessment

1  JOSEPH P. RUSSONIELLO (CASBN 44332)
   United States Attorney
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             NORTHERN DISTRICT OF CALIFORNIA
10                SAN FRANCISCO DIVISION
11

12  UNITED STATES OF AMERICA,        )   No. CR 07-0074 WHA
                                     )
13         Plaintiff,                )   VIOLATIONS: 18 U.S.C. § 1341 – Mail
                                     )   Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18
14      v.                           )   U.S.C. § 371 – Conspiracy; 18 U.S.C. §
                                     )   1509 – Obstruction of Justice; and 18 U.S.C.
15                                   )   § 2 – Aiding and Abetting
    MICHAEL EDISON,                  )
16     a/k/a Michael J. Edison, and  )
    DEBRA EDISON,                    )   SAN FRANCISCO VENUE
17     a/k/a Debra Legum-Edison,     )
       a/k/a Debra Sue Legum-Edison, )
18                                   )
           Defendants.               )
19                                   )
                                     )
20
21
22               SUPERSEDING INDICTMENT
23  The Grand Jury charges:
24                    INTRODUCTION
25      At all times relevant to this indictment:
26      1.   Defendant MICHAEL EDISON (hereafter "EDISON") was a resident of Nevada
27  who represented that he owned a financial services company named Private Wealth Management
28  Group ("PWMG"). Defendant DEBRA EDISON was married to EDISON.

SUPERSEDING INDICTMENT
CR 07-0074 WHA                    1

2. Mahesh Ranchhod, Ajay Ranchhod, and Bali Ranchhod, (hereafter the "Ranchhods") were brothers living in Stockton, California, who jointly owned and operated two businesses: American USA Homes, LLC and American Construction, which the Ranchhods operated from Stockton.

3. Jean Phleger (hereafter "Phleger"), was a resident of the Northern District of California. Phleger owned and resided at two different properties in the Northern District of California, including one located on Green Street in San Francisco, California (the "Green Street Property").

## THE SCHEME TO DEFRAUD

4. Between in or around January 2005 and February 2006, in the Northern District of California and elsewhere, the defendant,

### MICHAEL EDISON,

did knowingly devise, and intended to devise, a material scheme and artifice to defraud, and to obtain money and property belonging to the Ranchhods, Phleger and others by means of materially false and fraudulent pretenses, representations, and promises, well knowing that the pretenses, representations and promises were materially false when made.

5. The purpose of the scheme to defraud was for EDISON to enrich himself by inducing the Ranchhods and Phleger to provide him with access to and control over their finances, in exchange for EDISON's false promises to provide certain financial services for their benefit. It was further part of the scheme to defraud that once EDISON obtained a certain level of control over the Ranchhods' and Phleger's finances, he would convert their money for his own personal use by depositing it into his own bank accounts and refusing to return it to the Ranchhods or Phleger.

## MANNER AND MEANS OF THE SCHEME

### The Ranchhods

6. In approximately January 2005, Mahesh Ranchhod met EDISON in Stockton, California, and EDISON represented his company was Private Wealth Management Group ("PWMG") and that he could provide financial services to Ranchhod and his brothers, Ajay and

SUPERSEDING INDICTMENT
CR 07-0074 WHA                                    2

1  Bali, and the Ranchhods' companies, American USA Homes LLC and American Construction.
2  Specifically, EDISON agreed to assist the Ranchhods set up various pension and retirement
3  accounts for themselves and their employees.

4      7.    Thereafter, EDISON made false statements and promises to Mahesh Ranchhod
5  that EDISON had set up a bank account strictly for the Ranchhods' pension plan funds and that
6  EDISON would deposit the Ranchhods' money into that account and only use it for the various
7  pension plans discussed. EDISON also represented that the Ranchhods, as beneficiaries of the
8  pension plan EDISON was purportedly setting up, could not control the related bank account and
9  that they needed to designate a third party trustee. In reliance upon that false statement, Mahesh
10 Ranchhod designated his brother-in-law as the trustee. EDISON falsely represented there could
11 be no withdrawals from the account EDISON opened without both EDISON and the trustee's
12 signatures. EDISON opened the account in a manner that allowed EDISON to withdraw funds
13 from the account without anyone else's signature.

14     8.    In March 2005, EDISON pressured Mahesh to give EDISON money to deposit
15 into the account referenced in paragraph 7. EDISON falsely represented that if the Ranchhods
16 did not deposit money into the account by April there would be tax consequences for the
17 Ranchhods.

18     9.    On or about March 16, 2005, and in reliance on EDISON's false representations
19 and promises, Mahesh Ranchhod personally gave Edison two checks for $35,000 (check #2455
20 drawn on a County Bank account in the name of American - USA Homes, LLC) and $147,000
21 (check # 2146 drawn on a Bank of Stockton account in the name of American - USA Homes
22 LLC and American Construction Company) (hereafter "the checks"), to deposit into the account
23 referenced in paragraph 7. Prior to March 16, 2005, Mahesh Ranchhod had requested the
24 checkbook and signature cards for the account from EDISON. EDISON falsely promised
25 Mahesh Ranchhod multiple times that EDISON would provide them to Mahesh Ranchhod and
26 on March 16, 2005, EDISON told Mahesh Ranchhod that EDISON forgot to bring them with
27 him. Mahesh Ranchhod gave the aforementioned checks to EDISON with a letter memorializing
28 their understanding that EDISON has represented that the account required the joint signatures of

SUPERSEDING INDICTMENT
CR 07-0074 WHA    3

1  EDISON and the trustee to make a withdrawal and that no withdrawals would be made without
2  first confirming the withdrawal with the Ranchhods.
3      10.   On or about March 18, 2005, EDISON deposited check #2146 (for $147,000) into
4  an Irwin Union Bank account in Carson City, Nevada, controlled solely by EDISON. On or
5  about March 22, 2005, EDISON deposited check # 2455 (for $35,000) into the same Irwin Union
6  Bank account. By the end of May 2005, EDISON had withdrawn approximately $180,000 of the
7  Ranchhods' money from the Irwin Union Bank account. The checks were processed for Irwin
8  Union Bank by Wells Fargo Bank ("WFB") and, as part of WFB's processing, the checks were
9  shipped via interstate carrier from Tempe, Arizona, to Fremont, California. EDISON failed to
10 set up pension and retirement accounts for the Ranchhods as described in paragraph 6. When
11 Mahesh Ranchhod made efforts to contact EDISON after March 16, 2005, to determine the
12 whereabouts of the check book and signature card EDISON had promised, Ranchhod was unable
13 to locate EDISON and EDISON failed to return Ranchhod's messages. The Ranchhods have not
14 recovered any of the $182,000 provided to EDISON on March 16, 2005.

### Jean Phleger

16     11.   In approximately May 2005, Phleger was looking for someone to manage various
17 aspects of her finances and had heard of EDISON because EDISON had handled financial
18 transactions for a relative. Phleger met with EDISON in person in May 2005 in San Mateo
19 County, California, in the Northern District of California. EDISON told Phleger that he owned
20 the company PWMG and that he had approximately 12,000 clients. EDISON told Phleger that
21 he would oversee Phleger's insurance policies, budget (including paying Phleger's bills), and
22 finances. Phleger never gave EDISON permission to use, take or borrow any of her money for
23 any purpose other than to satisfy her personal obligations or to make loans to Phleger's family
24 members.
25     12.   When Phleger first met EDISON, she had a line of credit with WFB that had been
26 taken out against the Green Street Property. EDISON proposed obtaining an increased line of
27 credit for Phleger on the Green Street Property. EDISON told Phleger that the funds from the
28 increased line of credit would be used to retire the existing line of credit and then to pay for

SUPERSEDING INDICTMENT
CR 07-0074 WHA                                4

Phleger's various living expenses for the duration of her life. Based on EDISON's representations, Phleger and Phleger's representatives provided EDISON with access to the Green Street Property and confidential financial-related information, such as Phleger's social security number and various bank account numbers.

13. In or around July 2005, Phleger flew to Nevada to meet with EDISON and sign documents related to obtaining the new line of credit with WFB as referred to above in paragraph 12. EDISON represented to Phleger that the documents she signed were related to a line of credit.

14. In or around August 2005, while Phleger was in New York City, EDISON contacted her and advised her that she needed to execute additional documents for him. Phleger met EDISON at a hotel in New York and, based on her conversation with EDISON at that time, Phleger understood that she was signing additional documents related to the line of credit referred to in paragraph 12.

15. In or around October or November 2005, EDISON advised Phleger that he was making arrangements with a bill paying service to pay Phleger's bills for her. In November 2005, Phleger began receiving calls from various entities advising her that various bills were not being paid. When Phleger contacted EDISON about the unpaid bills, he advised her that he was still in the process of setting up the bill paying service. EDISON never paid Phleger's bills as EDISON promised.

16. In or around January 2006, Phleger retained an attorney (the "Attorney") to assist her with estate planning and to help Phleger determine exactly what EDISON was doing in connection with Phleger's finances. As of that point in time, Phleger's bills were still not being paid as EDISON had promised. On January 31, 2006, the Attorney and Phleger conducted a conference call with EDISON from the Attorney's office in Palo Alto, California. EDISON represented during the call that he had obtained a line of credit on the Green Street Property from Countrywide Mortgage ("Countrywide"). The Attorney subsequently researched Phleger's position with Countrywide and learned that EDISON had obtained one loan and one line of credit, for $3,300,000 and $550,000, respectively, against the Green Street Property. EDISON

SUPERSEDING INDICTMENT
CR 07-0074 WHA                                    5

1  had never provided Phleger with any documentation of any line of credit or loan he had obtained
2  on her behalf. The Attorney also contacted Countrywide and learned that the statements for
3  Phleger's accounts were being sent to addresses not associated with Phleger.

4  17.   On February 1, 2006, the Attorney faxed a request to EDISON for all documents
5  related to Phleger's loans, assets, and liabilities. The Attorney received a voice mail on February
6  2, 2006, from one of EDISON's associates that she would receive the requested information by
7  FedEx the next day, i.e. February 3, 2006. The Attorney never received any documents from
8  EDISON, and her subsequent efforts to contact EDISON were unsuccessful. Phleger was
9  subsequently unable to contact or locate EDISON and has not recouped the vast majority of the
10 money EDISON obtained in Phleger's name, as set forth in more detail below.

### EDISON'S FRAUDULENT FINANCIAL TRANSACTIONS

18.   In or around May 2005, EDISON opened a joint bank account at WFB, account number 520-*******, in EDISON's and Phleger's names. The address for the joint account was in Las Vegas, Nevada, where EDISON also had a residential address at that time.

19.   As of August 2005 the balance on Phleger's existing line of credit on the Green Street Property, referred to above in paragraph 12, was approximately $957,000.

20.   In or around August 2005, Edison obtained a new line of credit with WFB in Phleger's name and secured by the Green Street Property in the amount of $1,470,000. The pertinent details of the transaction are as follows:

   a.   Fidelity National Title ("Fidelity") was the escrow company used to close Phleger's new line of credit with WFB.

   b.   On or about August 29, 2005, after deducting various fees, WFB wired $1,461,658.40 to Fidelity's bank account associated with this transaction, i.e., Washington Mutual bank in Seattle, Washington ("WAMU").

   c.   On or about August 30, 2005, WAMU, on behalf of Fidelity, wrote a check or checks totaling $957,813.54 to WFB to pay off Phleger's initial line of credit as described in paragraph 19.

   d.   On or about August 31, 2005, WAMU wired the remaining $500,383.66

SUPERSEDING INDICTMENT
CR 07-0074 WHA                                6

(after deducting closing costs) to the EDISON/Phleger joint WFB account referred to in paragraph 18. The wire from WAMU passed through San Francisco, California, as part of WFB's processing protocol.

21. In or around September 2005, EDISON obtained a loan and a line of credit with Countrywide in Phleger's name and secured by the Green Street Property. The loan and line of credit were for $3,300,000 and $550,000, respectively. Phleger was unaware that EDISON obtained the loan and line of credit. The pertinent details of the transactions are as follows:

   a. Countrywide's bank account associated with these transactions was with Bank of New York. The title company for the transactions was Stewart Title located in San Francisco, California, and Stewart Title's bank account associated with the transactions was with Union Bank of California ("UBOC").

   b. On or about September 2, 2005, EDISON sent a facsimile to UBS Financial Services Inc., in San Francisco, California, requesting Phleger's account information. EDISON thereafter obtained such account information pursuant to his facsimile request and used that information in obtaining the line of credit and loan with Countrywide.

   c. Between on or about September 21 and 23, 2005, the Bank of New York wired a total of approximately $3,850,000 to UBOC to hold the funds in escrow.

   d. On or about September 23, 2005, UBOC issued a check in the amount of $1,477,032.29 to WFB to pay off the line of credit EDISON obtained in Phleger's name as set forth in paragraph 20.

   e. On or about September 26, 2005, UBOC wired $2,306,713.79 to the joint EDISON/Phleger WFB account in Las Vegas, Nevada, from UBOC in Los Angeles, California. The wire from UBOC passed through San Francisco, California, as part of WFB's processing protocol.

22. Following the transactions described above in paragraphs 20 and 21, EDISON withdrew for his own personal use or transferred from the EDISON/Phleger joint WFB account to numerous accounts having EDISON and/or EDISON's wife, Debra S. Legum-Edison, as account holders, more than $2,000,000. Phleger had no control over any of the accounts to

SUPERSEDING INDICTMENT
CR 07-0074 WHA                                              7

1  which the money was transferred, did not authorize the aforementioned withdrawals or transfers,
2  and had no knowledge of the aforementioned withdrawals and transfers. EDISON's scheme to
3  defraud resulted in a loss of more than $2,000,000 to Phleger.
4  COUNTS ONE and TWO: (18 U.S.C. § 1341 – Mail Fraud)
5      23.    Paragraphs 1, 2, and 4 through 10 of this Superseding Indictment are realleged as
6  though fully set forth herein.
7      24.    On or about the dates set forth below, in the Northern District of California and
8  elsewhere, for purposes of executing the scheme and artifice to defraud, EDISON did knowingly
9  cause to be delivered by a commercial interstate carrier the following items:

| Count | Approximate Date of Mailing | Description of of Mailing |
|---|---|---|
| ONE | March 21, 2005 | check # 2146 in the amount of $147,000 drawn on a Bank of Stockton account in the name of American - USA Homes LLC and American Construction Company from Tempe, Arizona to Fremont, California |
| TWO | March 22, 2005 | check #2455 in the amount of $35,000 drawn on a County Bank account in the name of American - USA Homes, LLC from Tempe, Arizona to Fremont, California, |

18      All in violation of Title 18, United States Code, Section 1341.
19  COUNTS THREE, FOUR and FIVE: (18 U.S.C. § 1343 – Wire Fraud)
20      25.    Paragraphs 1, 3 through 5, and 11 through 22 of this Superseding Indictment are
21  realleged as though fully set forth herein.
22      26.    On or about the dates set forth below, in the Northern District of California
23  and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud,
24  EDISON did knowingly transmit and caused to be transmitted the following wire
25  communications in interstate commerce:
26  ///
27  ///
28  ///

SUPERSEDING INDICTMENT
CR 07-0074 WHA                    8

| Count | Approximate Date of Wire | Route of Wire | Description of of Wire |
|---|---|---|---|
| THREE | August 31, 2005 | Seattle, WA to Las Vegas, NV, via San Francisco, CA | $500,383.66 wire transfer from WAMU to the EDISON/Phleger joint WFB account |
| FOUR | September 2, 2005 | Las Vegas, NV to San Francisco, CA | Facsimile from EDISON to UBS Financial Services Inc. In San Francisco requesting Phleger's account information and statements |
| FIVE | September 26, 2005 | Los Angeles, CA to Las Vegas, NV, via San Francisco, CA | $2,306,713.79 wire transfer from UBOC to the EDISON/Phleger joint WFB account |

All in violation of Title 18, United States Code, Section 1343.

COUNT SIX: (18 U.S.C. § 371 – Conspiracy to Commit Obstruction of Justice)

27.     In or around and between no later than April 2007 and June 2007, in the Northern District of California and elsewhere, the defendants,

MICHAEL EDISON and
DEBRA EDISON,

and others, did knowingly and willfully conspire, combine and agree with each other, and with other persons both known and unknown to the grand jury, to obstruct justice. All in violation of Title 18, United States Code, Section 1519.

MEANS AND METHODS OF THE CONSPIRACY TO OBSTRUCT JUSTICE

28.     On February 9, 2007, EDISON was arrested in Atlanta, Georgia, in connection with the conduct described herein related to Jean Phleger. EDISON was transferred to a jail facility in the Northern District of California shortly thereafter and was housed therein in April 2007.

29. On or about April 3, 2007, while EDISON was in custody, he sent a letter to his wife, DEBRA EDISON. Law enforcement intercepted the letter before it left the jail, copied it, and then allowed it to go on to DEBRA EDISON in Switzerland. The letter contained – among other information – detailed instructions, including drafts, for DEBRA EDISON to create false documents to make it appear as if Jean Phleger loaned EDISON the money he was charged with stealing from her in United States v. Michael Edison, CR 07-0074 WHA.

30. Specifically, it was part of the conspiracy to obstruct justice that EDISON asked and instructed DEBRA EDISON to create two documents: (1) a Promissory Note between EDISON and Jean Phleger wherein Phleger purportedly agreed to loan EDISON money; and (2) a Memorandum from EDISON to Jean Phleger wherein EDISON basically thanked Phleger for the loan. It was part of the conspiracy that DEBRA EDISON would hire a private service to type the false documents, and destroy all evidence of the creation of the false documents, such as any computer disk and receipts. DEBRA EDISON was not to use any computer that could be linked to EDISON to create the false documents. Once the false documents were created, DEBRA EDISON was to send the false documents to MICHAEL EDISON's attorney for use in United States v. Michael Edison, CR 07-0074 WHA.

31. In approximately June 2007, DEBRA EDISON sent false documents as described in paragraph 30 to MICHAEL EDISON's then-attorney. Specifically, DEBRA EDISON sent the following false documents to the attorney: (1) a Promissory Note dated August 1, 2005, between EDISON and Jean Phleger, but signed only by EDISON, wherein Phleger purportedly agreed to loan EDISON $2.25M; and (2) a Summary Memo of Loan Agreement Between Jean Phleger and Michael J Edison wherein EDISON thanked Phleger for the loan in document (1). On or about June 21, 2007, the attorney, without knowledge of the falsity of the documents, subsequently produced the false documents to the United States Attorney's Office as discovery pursuant to Federal Rule of Criminal Procedure 16.

## OVERT ACTS

32. In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendants committed, or caused others to commit, overt acts in the Northern District of

SUPERSEDING INDICTMENT
CR 07-0074 WHA                               10

1 California, and elsewhere, including but not limited to the following:

2     a.    On or about April 3, 2007, MICHAEL EDISON sent a letter from the Northern District of California to DEBRA EDISON in Switzerland with instructions to destroy evidence and create false documents related to the charges he was facing in United States v. Michael Edison, CR 07-0074 WHA; and

    b.    In or about June 2007, DEBRA EDISON sent false documents via Federal Express to MICHAEL EDISON's then-attorney, whose office was located in the Northern District of California, for use in United States v. Michael Edison, CR 07-0074 WHA.

All in violation of Title 18, United States Code, Section 371.

COUNT SEVEN: (18 U.S.C. §§ 1519 and 2 – Obstruction of Justice and Aiding and Abetting)

33. Between in or about April 2007 and June 2007, in the Northern District of California, and elsewhere, the defendants,

                MICHAEL EDISON and
                DEBRA EDISON,

did knowingly alter and falsify documents, and did aid and abet in altering and falsifying documents, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely, court proceedings in United States v. Michael Edison, CR 07-0074 WHA, in violation of Title 18, United States Code, Sections 1519 and 2.

FORFEITURE ALLEGATION:    (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Forfeiture of SUA (mail and wire fraud) proceeds)

34. The allegations of Counts ONE through FIVE of this Superseding Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c).

35. Upon a conviction of any of the offenses alleged in Counts ONE through FIVE, the defendant,

                MICHAEL EDISON,

SUPERSEDING INDICTMENT
CR 07-0074 WHA                 11

shall forfeit to the United States all property, constituting and derived from proceeds traceable to said offenses, including but not limited to the following property:

    a.    a money judgment equal to the amount of the proceeds obtained from the offense; and

    b.    $140,538.82 from Wells Fargo Investment Account W62342252.

If any of said property, as a result of any act or omission of the defendant-

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty; any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: February 26, 2008        A TRUE BILL.

                                                  FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form: _____ )
                          AUSA FINIGAN

SUPERSEDING INDICTMENT
CR 07-0074 WHA            12