BARRY J. PORTMAN
Federal Public Defender
ERIC MATTHEW HAIRSTON
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant DEBRA EDISON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA EDISON,<br><br>Defendant. | No. CR 07-0074 WHA<br><br>DEBRA EDISON'S NOTICE OF MOTION AND MOTION TO SUPPRESS EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Court: Honorable William H. Alsup<br>Date: May 13, 2008<br>Time: 2:00 p.m. |

TO: UNITED STATES OF AMERICA, PLAINTIFF; JOSEPH RUSSONIELLO, UNITED STATES ATTORNEY; AND JEFFREY FINEGAN, ASSISTANT UNITED STATES ATTORNEY.

PLEASE TAKE NOTICE that on May 13, 2008 at 2:00 p.m., in the courtroom of the Honorable William H. Alsup, defendant Debra Edison (hereinafter "Ms. Edison") will move this Court to suppress all evidence resulting from the illegal searches of her vehicle conducted on June 29, 2007 and July 2, 2007. Suppression is warranted because the federal search conducted on July 2, 2007 was impermissibly tainted by evidence obtained through an unlawful warrantless search by state officers conducted on June 29, 2007.

The motion is based on the instant notice and motion, the following memorandum of points and authorities, all other applicable constitutional, statutory, and case authority, and such evidence and argument as may be presented at the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

With this motion, Ms. Debra Edison challenges an arrest for which no information is available, a search for which no warrant was obtained and a warrant for which no probable cause could legally be established. Ms. Edison respectfully requests that this Court uphold her rights under the Fourth Amendment to the United States Constitution and suppress all evidence obtained by these illegal searches and seizures.

**STATEMENT OF FACTS**

On July, 2, 2007, FBI Special Agent Mandy Britton submitted an application and affidavit for a warrant to search a Dodge Caliber rented from Avis Rental Car Company by Debra Edison. *See*, Application and Affidavit for Search Warrant, attached as Exhibit A to the Declaration of Eric Matthew Hairston, filed in support of this motion. According to the search warrant affidavit, the vehicle had been impounded by the Dublin Police Department subsequent to a June 29, 2007 arrest of Ms. Edison for driving under the influence. *Id*., at 2. The affidavit notes that Ms. Edison's arresting officers advised Agent Britton that the rental car contained, among other things, a brown box addressed to Michael and Debra Edison, a brown suitcase that was full of documents, numerous check books, Michael J. Edison's passport and foreign

identification for Michael and Debra Edison[1]. *Id.* In establishing probable cause for a federal warrant to search Ms. Edison's car, the affidavit submitted by Agent Britton relies heavily upon the "description and amount of documents" observed in the vehicle, presumably a reference to the documents contained within the brown suitcase found in the car. *Id*, at 3.

No incident report by the Dublin Police Department setting forth the facts and circumstances of Ms. Edison's arrest and the subsequent search of her vehicle has been provided as discovery in this matter.

**ARGUMENT**

**I. <u>ALL EVIDENCE AND OBTAINED FROM THE SEARCHES OF MS. EDISON'S VEHICLE MUST BE SUPPRESSED BECAUSE BOTH WERE CONDUCTED IN VIOLATION OF THE FOURTH AMENDMENT</u>**

All evidence that was obtained during the two searches of Ms. Edison's vehicle must be suppressed because both searches were conducted in violation of the Fourth Amendment's warrant requirement. *See Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963). The June 29, 2007 search, conducted by state officers without a warrant, cannot be justified under any exception to the warrant requirement and all evidence thus obtained must be suppressed. Further, the impermissible taint of this unlawful search carried forward into the July 2, 2007 federal search (a) because the agent sought the federal warrant based upon knowledge obtained through the prior unlawful search, and (b) because the magistrate's decision to issue the warrant was affected by that knowledge. Thus, suppression of the evidence obtained in the federal search is also required. *See United States v. Roberts*, 747 F.2d 537, 541 (9th Cir. 1984) ("Under the exclusionary rule, law enforcement officers may not use information obtained in violation of the

[1] It is unclear from the affidavit as to whether the checkbooks, passports and foreign identification were located within the brown suitcase or in another location within the car.

Fourth Amendment to establish probable cause justifying a search."); *United States v. Hill*, 55 F.3d 479, 481 (9th Cir. 1995) (quoting *Murray v. United States*, 487 U.S. 533, 536 (1988) ) (where officers sought warrant on basis of evidence obtained through prior illegal entry, district court must "'explicitly find that the agents would have sought a warrant if they had not earlier entered [defendant's house]'").

In this context, the Supreme Court has explained the application of the exclusionary rule as follows:

> The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search, and of testimony concerning knowledge acquired during an unlawful search. Beyond that, the exclusionary rule also prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search, up to the point at which the connection with the unlawful search becomes so attenuated as to dissipate the taint.

*Murray*, 487 U.S. at 536 (internal citations and quotation marks omitted). Here, because the agent sought and obtained the warrant for the federal search on the basis of illegally obtained evidence, all evidence from both searches must be suppressed.

**A. The June 29, 2007 Vehicle Stop of Ms. Edison was Presumptively Illegal**

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

A search or seizure without a warrant is presumptively invalid. *Coolidge v. New*

*Hampshire*, 403 U.S. 443 (1971). It is a "cardinal principle that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions.'" *California v. Acevedo*, 500 U.S. 565, 580 (1991) (quoting *Mincey v. Arizona*, 437 U.S. 385, 390 (1978)).

"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons'" for purposes of the Fourth Amendment. *Whren v. United States*, 116 S. Ct. 1769, 1772 (1996). "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.; see also Delaware v. Prouse*, 440 U.S. 648, 663 (1979) (absent "at least articulable and reasonable suspicion" that the law has been violated, an automobile stop is unreasonable under the Fourth Amendment).

As noted, the defense has received no discovery providing details of the June 29, 2007 vehicle stop of Ms. Edison. There is no indication in the case discovery provided to date that the state officers who conducted the stop obtained a warrant before doing so. Nor is there any material supporting a seizure of Ms. Edison and her vehicle based upon probable cause. The stop and seizure of Ms. Edison and her vehicle was therefore presumptively illegal, and it is the government's burden to set forth facts proving otherwise. *See United States v. Katz*, 389 U.S. 347 (1967). If the government fails to meet this burden, all evidence flowing from the warrantless seizure must be suppressed.

///

**B. The Government Must Prove that the Warrantless Search of Ms. Edison's Vehicle was Authorized by One of the Narrow Exceptions to the Requirements of the Fourth Amendment**

Nothing in the discovery provided to date indicates that the state officers who conducted the June 29, 2007 stop of Ms. Edison obtained a warrant before searching her vehicle. The burden is on the government, therefore, to show the reasonableness of the warrantless search. This includes demonstrating that the search comes within one of the narrow exceptions to the warrant requirement. *United States v. Jeffers*, 342 U.S. 48, 51 (1951). All evidence obtained as a result of the warrantless search of Ms. Edison's vehicle must be suppressed if the government fails to meet this burden.

**C. The Warrant in Support of the Federal Search of Ms. Edison's Vehicle was Impermissibly Tainted By Illegally Obtained Evidence Derived from the Prior Search**

In determining whether the federal search warrant issued on July 2, 2007 was impermissibly tainted by evidence derived from the prior illegal search, the relevant inquiry is whether the "illegal search had any effect in producing the warrant." *Murray*, 487 U.S. at 542 n.3. The effect of the illegal search may be determined by assessing whether (1) the agents would not have sought the warrant without the information obtained from the prior illegal search; or (2) the magistrate's decision to issue the warrant was affected by information that had been unlawfully obtained. *See id.* at 542. If the tainted evidence influenced the decision-making process of either the agent or the magistrate, all evidence flowing from the warrant must be suppressed.

First, in order to find that the agent seeking the warrant was not affected by the illegally obtained evidence, the court must "'explicitly find that the agents would have sought a warrant if they had not earlier entered [defendant's house].'" *Hill*, 55 F.3d at 481 (quoting *Murray*, 487

U.S. at 536). Second, in order to find that the magistrate's issuance of the warrant was not affected, the district court must conduct an analysis of the warrant to determine whether the facts supporting probable cause derived from the prior illegal search. *See id.* at 543-44; *Hill*, 55 F.3d at 481; *see also United States v. Grandstaff*, 813 F.2d 1353, 1355 (9th Cir. 1987) (information obtained through prior warrantless entry may not be used by court to determine whether probable cause exists for issuance of warrant). Where the application for the warrant contained both tainted and untainted facts, the evidence derived from the warrant must be suppressed if the untainted facts alone would have been insufficient to support a finding of probable cause. *See United States v. Salas*, 879 F.2d 530, 537-39 (9th Cir. 1989).

Here, all evidence and statements obtained during the July 2, 2007 search must be suppressed because the warrant for that search would not have been sought or issued without the evidence and knowledge derived from the prior unlawful search. First, the agent would not have sought the warrant for the July 2, 2007 search without the benefit of the illegal observations of the warrantless search conducted by the state officers. Second, the magistrate would not have issued the warrant had he purged from the application all evidence and information derived from the prior illegal search. Because the entire basis for the magistrate's probable cause determination arose from tainted evidence, there is no way that the magistrate could have found probable cause on the basis of the untainted evidence alone and all evidence must therefore be suppressed. *See Salas*, 879 F.2d at 537-39.

The warrant application and affidavit contained the following information in support of probable cause (summarized from affidavit; untainted evidence is identified in bold):

(1) Given the description and amount of documents observed in Ms. Edison's car, there is reason to believe that some of those documents may relate to the documents that she produced to Michael Thorman, as set forth in the June 28,

2007 criminal complaint filed against her. *See* Application and Affidavit, at 3.

(2) Given the description and amount of documents observed in Ms. Edison's car, and **the fact that Michael Edison previously advised her to obtain documents related to his case and either destroy them or keep them from law enforcement,** there is reason to believe that some of those documents may relate to Michael Edison's fraudulent scheme as set forth in his complain and indicment. *See id.*

Under *Salas*, the Court must delete all references to tainted evidence in the warrant application and determine whether probable cause existed on the remaining evidence. *See Salas*, 879 F.2d at 537-39. Here, the tainted evidence in the warrant application, all of which must be redacted, included all of the evidence listed above except the clause identified in bold: the assertion that Michael Edison previously advised Ms. Edison to obtain documents related to his case and either destroy them or keep them from law enforcement. Because this assertion alone fails to establish probable cause for a search of Ms. Edison's vehicle, all evidence resulting from the search on July 2, 2007 must be suppressed. *Cf. Grandstaff*, 813 F.2d at 1355-56 (finding that redacted affidavit nonetheless provided probable cause to issue warrant because "substantial portion" (93%) of affidavit survived district court's redaction).

//

//

//

//

**CONCLUSION**

For the foregoing reasons, Ms. Edison respectfully requests that this Court suppress all evidence arising from the illegal searches of her vehicle, which searches occurred in violation of the Fourth Amendment.

Dated: April 22, 2008

Respectfully submitted,

BARRY J. PORTMAN

Federal Public Defender

/s/

ERIC MATTHEW HAIRSTON
Assistant Federal Public Defender